<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MATTHEW TUCKER, | : | |
| Petitioner, | : | Civil Action No. 01-4414  (WHW) |
| v. | : | |
| ANN KLEIN FORENSIC | : | |
| CENTER HOSPITAL, et al., | | **MEMORANDUM  OPINION** |
| | : | **AND  ORDER** |
| Respondent. | : | |

**Walls**, District Judge:

This matter comes before the Court upon two Petitioner's filings, one titled "[N]otice and motion for this [C]ourt to reopen docket [No.] 01-4414," ECF No. 75, and the other titled "[N]otice." ECF No. 76.

Petitioner is a recreational litigant.  <u>See</u> <u>Marrakush Soc. v. New Jersey State Police</u>, 2009 U.S. Dist. LEXIS 68057 (D.N.J. July 30, 2009) (a "'recreational litigant' is the 'one who engages in litigation as sport and files numerous [submissions] with little regard for substantive law or court rules'") (citing <u>Jones v. Warden of the Stateville Correctional Ctr.</u>, 918 F. Supp. 1142, 1153 (N.D. Ill. 1995), for the observation that, '[w]hen confronted with [a] recreational [litigant], courts, to protect themselves and other litigants, have enjoined the filing of further case without leave of court").  Recently, Hon. Clair C. Cecchi ("Judge Cecchi") summed up Petitioner's litigation practices:

> [Petitioner] is a patient at Greystone Park Psychiatric Hospital in Morris Plains, New Jersey [("Greystone Park Hospital"). Petitioner] has an extensive history of litigation in this [D]istrict. On November 15, 2002, . . . Judge Bissell . . . entered an order in <u>Tucker v. Walsh</u>, Civil Action No.

02-cv-4667, holding that "[i]n view of [Petitioner's] history of frivolous litigation, the Court will order that [Petitioner] either pay the required docketing fee or obtain leave of Court before filing or attempting to file any civil action in this Court in the future." Since the entry of Judge Bissell's order, [Petitioner] has filed some twenty actions in this [D]istrict [without the required leave, and] most of [these civil matters] were dismissed as frivolous or because [Petitioner] failed to state a claim for relief. [Petitioner] currently has ten open cases before [Judge Cecchi]. In nearly every case, [Petitioner] has submitted multiple letters as well as "supplemental" notices and complaints. At the extreme end, [Petitioner] has filed well above forty additional notices and supplemental complaints in one case, on occasion submitting multiple filings in one day. As a result of this multitude of submissions, many of which are repetitive and difficult to discern, the Court is unable to properly determine the claims or allegations [Petitioner] seeks to assert.

In re Tucker, 2014 U.S. Dist. LEXIS 50312, at *1-2 (D.N.J. Apr. 11, 2014).

While Judge Bissel's preclusion order was based on Petitioner's many civil actions commenced before 2002, these pre-preclusion-order filings also included numerous mandamus petitions and this Section 2254 action instituted during Petitioner's confinement at the Ann Klein Forensic Center in West Trenton, New Jersey ("West Trenton Hospital"). Cf. Tucker v. Ann Klein Forensic Ctr., 174 F. App'x 695, 696 n.1 (3d Cir. 2006). On February 4, 2003, this Court dismissed Petitioner's § 2254 challenges as unexhausted, see ECF Nos. 63 and 64, and, on July 30, 2003, denied his motion to file a "supplemental complaint." See id., ECF Nos. 65 to 67. The Court of Appeals affirmed this Court's ruling. See Tucker v. Anne Klein Forensic Ctr., USCA No. 03-3493, ECF dated Mar. 23, 2004.

More than ten years after that affirmance – but only three days after the entry of Judge Cecchi's decision in In re Tucker – Petitioner executed his two notices at bar. See ECF Nos. 75 and 76. While both notices are executed in a nearly unreadable handwriting preventing this Court's understanding the exact nature of Petitioner's

challenges, the second notice includes a copy of the letter ("Law Division Letter") issued by the Superior Court of New Jersey, Law Division, on November 18, 2011. See ECF No. 76, at 5. The Law Division Letter indicates that Petitioner is an involuntarily committed individual confined under State v. Krol. See 68 N.J. 236 (1975) (persons found not guilty by reason of insanity are committed for mental health treatment); see also N.J. Stat. Ann. § 2C:4-8(b)(3) ("If the court finds that the defendant cannot be released with or without supervision or conditions without posing a danger to the community or to himself, it shall commit the defendant to a mental health facility approved for this purpose by the Commissioner of Human Services to be treated as a person civilly committed"). The inmates placed on Krol status are afforded periodic reviews known as Krol hearings. See Brandt v. McQuaide, No. 10-1035, 2010 U.S. Dist. LEXIS 134522, at *20 (D.N.J. Dec. 20, 2010) ("After the defendant is committed, periodic review hearings (Krol hearings) are held in a criminal proceeding [so] to determine if continued involuntary commitment is warranted. . . . These hearings will continue during the maximum period for which imprisonment could have been imposed as an ordinary term of imprisonment for the charges on which the defendant has been acquitted by reason of insanity, after giving credit for all time spent in confinement for the charges") (citations, internal quotation marks and ellipses omitted). Granted that the Law Division Letter states that Petitioner's request for reconsideration of his November 7, 2011, hearing had been granted insofar that he was afforded another Krol hearing on December 14, 2011 ("December 14, 2011, Hearing"), see ECF No. 76, at 5, this Court surmises that Petitioner's notices at bar might have intended to challenge the outcome of that December 14, 2011, Hearing.

If so, such challenges cannot be raised in this action.  Here, Petitioner challenged the commitment order, pursuant to which he was confined at the West Trenton Hospital *thirteen years ago*.  See ECF No. 1.  That commitment order was long superseded by Petitioner's following chain of Krol orders.  Even the possibility that he is now confined at the Greystone Park Hospital under the Krol order entered upon his December 14, 2011, Hearing is unlikely.  See https://www.judiciary.state.nj.us/civil/ICC_ResourceBinder.pdf, at 38 ("Periodic review hearings regarding . . . are required . . . annually" unless the committed individual seeks and obtains a deferral of the following review).  More likely, he is confined under the Krol order entered either in 2013 or at the beginning of this year.

It follows that, if Petitioner wishes to challenge his currently operating Krol order, he should do it by filing in a new habeas petition in new and separate Section 2254 matter.  "Habeas Rules do not envision . . . a lump-sum challenge to the circumstances which a litigant might find [himself] in.  Rather, [under] Habeas Rule 2(e), [every] petitioner is obligated to submit a separate habeas application challenging each particular determination . . . .  Therefore, [the] petitioner shall select, for the purposes of each . . . habeas action, [a] particular determination . . . he wishes to challenge, and then file an individual petition with regard to each specific challenge."  Alou v. Holder, No. 10-3728, 2010 U.S. Dist. LEXIS 113717, at *2-3 (D.N.J. Oct. 22, 2010) (citing 28 U.S.C. § 2254 Rule 2(e), applicable to §§ 2241 and 2255 petitions through Habeas Rule 1(b)) (capitalization removed); see Muniz v. Zickefoose, No. 10-2444, 2011 U.S. Dist. LEXIS 115766, at *13 (D.N.J. Sept. 30, 2011) (noting the same as "axiomatic"), aff'd, 460 F. App'x 165 (3d Cir. 2012).

Moreover, under § 2254, "a district court shall entertain an application for a writ of habeas corpus on behalf of a person *in custody* . . . only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis supplied).  A federal court has no jurisdiction to entertain a habeas petition unless the litigant meets this "in custody" requirement.  <u>Accord</u> <u>Dessus v. Commonwealth of Penn.</u>, 452 F.2d 557, 559-60 (3d Cir. 1971), <u>cert</u>. <u>denied</u>, 409 U.S. 853 (1972) ("[C]ustody is the passport to federal habeas corpus jurisdiction").  The "in custody" prerequisite means that, at the time his new petition is filed, Petitioner must be in confinement under the particular <u>Krol</u> order he is challenging, not under a superseding, later-issued <u>Krol</u> order.  <u>See</u> <u>Maleng v. Cook</u>, 490 U.S. 488, 490-92 (1989) (<u>per</u> <u>curiam</u>) (a habeas petitioner cannot remain "'in custody' under [an order that] has fully expired").

In addition, Petitioner's new § 2254 petition must be duly exhausted at all three levels of the state court by the time he files it or, in alternative, he should establish a basis for excuse of the exhaustion requirement.   28 U.S.C. § 2254(b)(1); <u>see</u> <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997), <u>cert</u>. <u>denied</u>, 532 U.S. 919 (2001). Although this Court is mindful that, in light of Petitioner's periodic <u>Krol</u> hearings producing superseding <u>Krol</u> orders, it might be difficult for Petitioner to complete his exhaustion efforts while still in custody under the <u>Krol</u> order he is challenging, this time constraint cannot be a basis for affording Petitioner a litigation avenue other than a new Section 2254 litigation.  <u>See</u> <u>Harrell v. State</u>, No. 08-2225, 2008 U.S. Dist. LEXIS 48279, at *16-20 and n.9 (D.N.J. June 20, 2008) (dismissing a Suspension Clause challenge based on such time constraint because "a joint reading of the exhaustion and 'in custody' requirements through the prism of the state scheme of yearly <u>de</u> <u>novo</u> hearings does not

disenfranchise federal courts of their power of habeas review because the federal law provides for exceptions to the exhaustion requirement").

For these reasons, Petitioner's notices will be read jointly and construed as an application to file a habeas petition challenging his currently operating Krol order.  That application will be dismissed without prejudice to Petitioner's filing of a timely and appropriate Section 2254 petition raising his challenges in a new and separate matter.[1]

IT IS on this ~~22~~ day of ~~April~~ , ~~2013~~ 2014

ORDERED that the Clerk shall open this matter for the purposes of this Court's examination of Petitioner's notices docketed as ECF Nos. 75 and 76, by making a new and separate entry on the docket reading, "CIVIL CASE REOPENED"; and it is further

ORDERED that Petitioner's notices docketed as ECF Nos. 75 and 76 are construed as an application to file a habeas petition challenging his currently operating order of involuntary commitment; and it is further

ORDERED that Petitioner's application is denied.  Such denial is without prejudice to Petitioner's filing of a timely and appropriate Section 2254 petition raising his challenges to involuntary commitment in a new and separate matter; and it is further

---

[1] Petitioner executed his notices at bar just three days after the entry of In re Tucker, 2014 U.S. Dist. LEXIS 50312.  Hence, these notices might have been premised on a notion of judge-shopping.  If so, this strategy is barred by Local Rule 40.1(c) because all Petitioner's future actions will be assigned to Judge Cecchi.  And while Judge Bissel's preclusion order is inapplicable to Petitioner's habeas actions, it is well within the broad scope of the All Writs Act, 28 U.S.C. § 1651(a), for this Court and/or Judge Cecchi to issue an order restricting Petitioner's habeas submissions if he keeps filing meritless, lengthy or unreadable documents.  See Furnari v. United States Parole Comm'n, 531 F.3d 241, 250 (3d Cir. 2008) (such filings abuse the equitable nature of the habeas writ); see also Nelson v. Holmes, No. 13-0705, 2013 U.S. Dist. LEXIS 62711, at *1, n.1 (D.N.J. Apr. 29, 2013) ("An unduly lengthy submission violates Habeas Rule 2(d)"); Simms v. Shartle, No. 12-5012, 2012 U.S. Dist. LEXIS 140316, at *3 (D.N.J. Sept. 27, 2012) (Habeas Rule 2(c) does "not allow . . . filings asserting multitudes of claims conflated into numerous Hydra-like umbrella challenges"); accord In re Telfair, 745 F. Supp. 2d 536, 580 (D.N.J. 2010) ("The courts in this nation stand ready to address challenges brought by litigants in good faith.  Which, in turn, means that the judiciary – including the Judges in this District – expect litigants to treat their litigation with utmost seriousness, without abusing legal process and without unduly testing of the resolve or common sense of the judiciary").

ORDERED that no other filings shall be made in this matter by Petitioner; and it is further

ORDERED that the Clerk shall close the file on this matter by making a new and separate entry on the docket reading, "CIVIL CASE CLOSED"; and it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion an Order upon Petitioner and direct that mailing to Petitioner's current address, "Matthew Tucker, Greystone Hospital, Wing - E2, 59 Koch Avenue, Morris Plains, New Jersey 07950"; and it is finally

ORDERED that the Clerk shall enclose in that mailing a blank Section 2254 habeas form and a blank in forma pauperis application for incarcerated individuals seeking to prosecute habeas challenges.

William H. Walls
United States Senior District Judge