NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW TUCKER, : | |
| : | Civil Action No. 01-4414 (WHW) |
| Petitioner, : | |
| v. : | |
| ANN KLEIN FORENSIC : | |
| CENTER HOSPITAL, et al., : | **MEMORANDUM OPINION** |
| : | **AND ORDER** |
| Respondent. : | |

**Walls**, Senior District Judge:

This matter comes before the Court upon three Petitioner's filings, ECF Nos. 78, 79 and 80. As this Court's earlier decision detailed, Petitioner is an involuntarily committed individual confined under State v. Krol, 68 N.J. 236 (1975), and a recreational litigant. See ECF No. 77, at 1-2. In 2001, when Petitioner commenced this matter, he challenged his conviction and initial order of commitment, and had his claims dismissed. See id. at 2. In April 2014, thirteen years later, he filed two notices attacking his currently operating order of commitment entered on or after December 14, 2011. See id. at 3. This current order of commitment is the latest of many superseding commitment orders entered after his initial order of commitment expired. Petitioner is no longer in custody under his initial commitment order, and his April 2014 notices present a new habeas petition. See id. at 3-6. Accordingly, this Court dismissed these notices without prejudice to Petitioner raising his current challenges in a new and separate habeas matter. See id. at 6. In addition, noting that Petitioner filed numerous civil rights actions in this

District, and ten of these actions were pending before Hon. Claire C. Cecchi ("Judge Cecchi"), this Court explained that, if Petitioner's April 2014 notices were "premised on a notion of judge-shopping . . . , this strategy [was] barred by Local Rule 40.1(c) because all Petitioner's future actions [would] be assigned to Judge Cecchi." Id. at 6, n.1. The Court's decision closed with an unambiguous directive that "no other filings shall be made in this matter by Petitioner." Id. at 7. Yet, ignoring this Court's directive, Petitioner filed the three submissions at bar offering the Court sixty-one pages of the nearly unreadable handwriting typical to his filings. See ECF Nos. 78, 79 and 80. The first one suggested that he was still interested in challenging his current order of commitment, while the other two suggested his displeasure with the rulings entered in the ten cases pending before Judge Cecchi.

IT IS on this ___20___ day of ___May___, 2014,

ORDERED that the Clerk shall open this matter by making a new and separate entry on the docket reading, "CIVIL CASE REOPENED"; and it is further

ORDERED that Petitioner's submissions docketed as ECF Nos. 78, 79 and 80 are read jointly and construed as Petitioner's motion for reconsideration of this Court's earlier decision; and it is further

ORDERED that Petitioner's motion for reconsideration is denied, and this Court's earlier decision, ECF No. 77, remains in full force; and it is further

ORDERED that, if Petitioner wishes to challenge his current order of commitment, he should do so in an appropriate Section 2254 petition filed in a new and separate matter. This Court expresses no opinion as to procedural propriety or substantive validity of such Section 2254 petition, if filed; and it is further

ORDERED that, if Petitioner wishes to challenge Judge Cecchi's rulings, he should do so in an appropriate appellate filing submitted to the United States Court of Appeals for the Third Circuit. This Court expresses no opinion as to procedural propriety or substantive validity of such appellate filing, if made; and it is further

ORDERED that, in the event Petitioner makes any further filing in this matter, each such filing shall be deemed an abuse of legal process and the equitable nature of the writ; and it is further

ORDERED that, in the event Petitioner makes any further filing in this matter, the Clerk will be directed to strike such filing from the docket (without having this Court review it on the merits) as made in violation of this Court's decision, ECF No. 77, and this Memorandum Opinion and Order; and it is further

ORDERED that the Clerk shall close the file on this matter by making a new and separate entry on the docket reading, "CIVIL CASE CLOSED"; and it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion an Order upon Petitioner by regular U.S. mail.

                                                       William H. Walls
                                                      United States Senior District Judge